IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs. Case Nos.: 4:11cr37/RH/CAS
 4:14cv681/RH/CAS

JOSE MISEAL GARFIAS-GARCIA,
    Defendant.

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 526). The Government has filed a response (ECF No. 531) and Defendant filed a reply. (ECF No. 536). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. See N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, the court finds that Defendant has not raised any issue requiring an evidentiary hearing and the § 2255 motion, as amended, should be denied. See Rules Governing Section 2255 Cases 8(a) and (b).

BACKGROUND

Defendant Jose Misael Garfias-Garcia and six co-defendants were charged in a single count second superseding indictment with conspiracy to possess with intent to distribute five (5) kilograms of a mixture and substance containing cocaine and one hundred (100) kilograms or more of a mixture and substance containing marijuana and a mixture and substance containing methamphetamine. (ECF No. 202). Before trial, Defendant's appointed counsel Timothy Jansen moved to suppress statements and "all evidence seized from the home and vehicles and persons." (ECF No. 280). The court denied the motion after a hearing. (ECF Nos. 313, 317, 476).

The jury convicted Defendant after a five day trial, and it specifically found that Defendant was responsible for five or more kilograms of cocaine, and one hundred or more kilograms of marijuana. (ECF No. 345). The jury was not asked to consider the methamphetamine.

The second final Presentence Investigation Report ("PSR") (ECF No. 419) held Defendant accountable for 7,977.2 kilograms of marijuana equivalent, yielding a base offense level of 34. (ECF No. 419, PSR ¶ 46). Defendant received two two-point adjustments for the use of a dangerous

weapon and obstruction of justice, and he was assessed a four point adjustment for his leadership role in the offense conduct. (ECF No. 419, PSR ¶¶47, 51, 52). Defendant's total offense level was 42, and his criminal history category was I. (*Id.*, PSR ¶¶ 56, 59). The applicable guidelines range of 360 months to life imprisonment fell within the statutory range of ten years to life. (ECF No. 419, PSR ¶¶ 74, 75). The court sentenced Defendant to a term of 360 months' imprisonment. (ECF Nos. 440, 484).

Defendant unsuccessfully appealed the district court's denial of his motion to suppress. (ECF No. 520). The Supreme Court denied his petition for certiorari on December 2, 2013. *Garfias-Garcia v. United States*, Case No. 12-13940.

Defendant's amended motion includes three claims for relief. He asserts a Sixth Amendment and Due Process Violation based on the application of the guidelines sentencing enhancements, and he claims that both trial and appellate counsel were constitutionally ineffective for their failure to challenge same. He moved to supplement his motion to add a claim based on *Alleyne v. United States*, 133 S. Ct. 2151 (ECF No. 541), but later moved to voluntarily dismiss this supplement. (ECF No. 566).

Most recently, Defendant filed a "Motion for Due Process" in which he seeks ruling on his pending motion.   (ECF No. 570).

ANALYSIS

Timeliness

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.   The court entered judgment in Defendant's case on July 31, 2012. (ECF No. 440).   Defendant appealed, and the Eleventh Circuit Affirmed on June 27, 2013.   (ECF No. 520).   The Supreme Court denied Defendant's petition for a writ of certiorari on December 3, 2013, and it was on this date that Defendant's conviction became final.   A timely

filed § 2255 motion must have been filed within one year from that date, or by December 3, 2014. Defendant filed his initial § 2255 petition pursuant to the prison mailbox rule[1] on December 19, 2014. (ECF No. 523). In both his original and his amended motions he states, without explanation, that the motion "is timely filed [submitted]." (ECF No. 523 at 12; ECF No. 526 at 12). The Government did not address the issue of timeliness. However, Defendant's motion is facially untimely.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking

---

[1] *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule").

equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation omitted); *Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012).  It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286).  The onus is on the moving defendant to show that he is entitled to this extraordinary relief.  *Johnson*, 340 F.3d at 1226, *Jones,* 304 F.3d at 1040.  The court will not relieve a petitioner who has sat upon his rights.  *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402-03 (5th Cir. 1999)).  Defendant has not indicated any attempt to rely on the doctrine of equitable tolling, and no basis for applying this doctrine is apparent from the record.  As such, his untimely motion is subject to dismissal.

Because the Government did not raise the defense of timeliness, and the court has not afforded Defendant the opportunity to be heard as to this issue, it will review the merits of Defendant's claims.  *See Day v. McDonough*, 547 U.S. 198 (2006).

Case Nos.: 4:11cr37/RH/CAS; 4:14cv681/RH/CAS

<u>Defendant's Sentencing Claims</u>

Each of Defendant's three claims center around Defendant's belief that he was entitled to have a jury determination of the guidelines sentencing enhancements applied in his case. Defendant's understanding of the law is mistaken.

There are two Supreme Court cases that directly address Defendant's argument. In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that any fact, other than a prior conviction, that increases the maximum possible penalty for an offense is an element of the offense which must be submitted to a jury and found beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490. In *Alleyne v. United States*, 133 S. Ct. 2151 (2013) the Court held that any fact that increases the mandatory minimum sentence for a crime is an element of the crime, not a sentencing factor that must be submitted to a jury. *Alleyne*, 133 S. Ct. at 2155, 2163.

The jury found that Defendant was accountable for five or more kilograms of cocaine as well as one-hundred or more kilograms of marijuana. The jury's finding on the cocaine alone subjected Defendant to a statutory mandatory minimum penalty of ten years in prison, up to a maximum of life. 21 U.S.C. 841(b)(1)(A). Application of the guidelines

Case Nos.: 4:11cr37/RH/CAS; 4:14cv681/RH/CAS

enhancements did not increase the statutory mandatory penalty. And, *Alleyne* did not invalidate the judicial fact-finding required for the application of the Sentencing Guidelines, such as what took place in Defendant's case. *See United States v. Charles*, 757 F.3d 1222 (11th Cir. 2014) (citing *Alleyne*, 133 S. Ct. at 2163). Therefore, there was no error.

In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Fatal to Defendant's claim is the line of case law establishing that counsel is not constitutionally deficient for failing to preserve or argue a meritless claim. *See Denson v. United States*, 804 F.3d 1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*, 536 F.3d 1225, 1233 (11th Cir. 2008)). This is true regardless of whether the issue is a trial or sentencing issue. *See, e.g.*, *Sneed v. Florida Dep't of Corrections*, 496 F. App'x 20, 27 (11th Cir. 2012) (failure to preserve meritless *Batson* claim not ineffective assistance of counsel); *Lattimore v. United States*, 345 F. App'x 506, 508 (11th Cir. 2009) (counsel not ineffective for failing to make a meritless objection to an obstruction enhancement). Absent an

Case Nos.: 4:11cr37/RH/CAS; 4:14cv681/RH/CAS

even arguably meritorious claim challenging the failure to have the jury consider the application of the enhancements, Defendant cannot show that either trial counsel or appellate counsel were constitutionally ineffective. He is not entitled to relief.

Minor Role Participant

Defendant has also filed a "Motion/Memorandum of Law in Support of Amendment 794, Minor Role Participant Petition." (ECF No. 559). Amendment 794 is a clarifying amendment that addresses the application of minor role adjustments in criminal cases. Defendant's PSR reflects a four-point adjustment for his leadership role in the offense. As such, even if Amendment 794 were retroactively applicable, it has no application to Defendant's case, and his motion should be denied.

Conclusion

For all of the foregoing reasons, the court finds that Defendant has failed to show that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, or any of the supplements thereto, have merit. Nor has he shown that an evidentiary hearing is warranted. Therefore Defendant's motion should be denied in its entirety.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly it is **ORDERED:**

Case Nos.: 4:11cr37/RH/CAS; 4:14cv681/RH/CAS

1. Defendant's Motion to Voluntarily Dismiss his motion to supplement (ECF No. 566) is **DENIED as MOOT.**

2. Defendant's Motion for Due Process (ECF No. 570) is **GRANTED** to the extent this order has issued.

And, based on the foregoing, it is respectfully **RECOMMENDED**:

1. Defendant's amended motion to vacate, set aside, or correct sentence (ECF No. 526) be **DENIED and DISMISSED**.

2. Defendant's "Motion in Support of Amendment 794, Minor Role Participant Petition" (ECF No. 559) be **DENIED**.

3. A certificate of appealability be **DENIED**.

At Tallahassee, Florida, this 9th day of August, 2017.


        s/ Charles A. Stampelos
         **CHARLES A. STAMPELOS**
         **UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party**

**fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** See **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 4:11cr37/RH/CAS; 4:14cv681/RH/CAS