IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.  CASES NO. 4:11cr37-RH/CAS
 4:14cv681-RH/CAS

JOSE MISEAL GARFIAS-GARCIA,

    Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION

The defendant Jose Miseal Garfias-Garcia has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction. As part of the motion, or perhaps in addition to the motion, Mr. Garfias asks for a sentence reduction under United States Sentencing Guidelines Amendment 794. These matters are before the court on the magistrate judge's report and recommendation, ECF No. 571, and the objections, ECF No. 574. I have reviewed de novo the issues raised by the objections. This order accepts the report and recommendation and denies relief.

The objections apparently address, at least in substantial part, some other defendant's case, even referring to the defendant as "Mr. Hernandez." ECF No. 574 at 7. The objections rely in part on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held unconstitutionally vague the "residual clause" of the

armed career criminal statute, 18 U.S.C. § 924(e). The defendant in this case, Mr. Garfias, was not charged or convicted under § 924(e). *Johnson* has nothing to do with this case. The other objections include references to Amendment 794 and other matters. This order assumes these objections address Mr. Garfias. All of the objections are unfounded. Mr. Garfias was properly convicted and sentenced.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484.

Mr. Garfias has not made the required showing. This order thus denies a certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The § 2255 motion and all other requests for relief from the judgment and sentence are denied.

2. The clerk must enter judgment.

3. A certificate of appealability is denied.

SO ORDERED on August 28, 2017.

                                                  s/Robert L. Hinkle
                                                  United States District Judge