**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

**vs.**                                                    **Case No.: 4:11cr37-RH**

**JOSE MISAEL GARFIAS GARCIA,**
  **Reg. No. 21036-017,**

          **Defendant.**

_____/

**GOVERNMENT'S MOTION TO DISMISS**
**DEFENDANT'S COMPASSIONATE RELEASE MOTION**
**UNDER 18 U.S.C. § 3582(C)(1)(a) (Doc. 632) AS MOOT**

Before the Court is Defendant 's Motion for Compassionate Release in which he asked the Court for a reduction in his "draconian" sentence to care for an ailing parent. (Doc. 632 – pp. 3, 6-7, 10). He contends that he is the "only" caregiver for his mother whom he describes as bedridden (Doc. 632 – p. 6) with Alzheimer's and that none of his siblings can adequately care for her. His "chronic medical condition" that he hangs his hat on is that he once smoked cigarettes.  (*Id.* at p. 5). He mentions that a BMI of greater than 30 may pose an increased risk of Covid infection, but then fails to tell the court that his BMI was originally 25.8 (5'10' & 180 pounds; Exhibit 2 – p. 2), but after quitting smoking and laying on the groceries, is now 28.7 (5'10' & 200 pounds; Exhibit 3 – p. 6).   In describing his medical condition (Doc. 632 – pp. 4-6),

the defendant fails to mention that while incarcerated, he contracted COVID-19 (Exhibit 5 – p. 1), fully recovered under BOP's watchful care, and has received both doses of Johnson & Johnson (Janssen) vaccine to protect against the risk of re-infection. (Exhibit 3– pp. 13-14; Exhibit 4 – pp. 39-40).  For the reasons set forth below, the government respectfully request the Court to dismiss the defendant's motion as moot, or deny it based on his failure, having been fully vaccinated, to demonstrate a serious medical need diminishing his ability for self-care or extraordinary and compelling circumstances that warrant a reduction.   He specifically does not claim any circumstance enumerated in U.S.S.G. § 1B1.13, app. n.1(A-C).  (Doc. 632 – p. 3). Only the Director of BOP may grant compassionate release for "other reasons." U.S.S.G. § 1B1.13, app. n.1(D); *United States v. Bryant,* 996 F.3d 1243, 1248 (11th Cir. 2021).

**Facts**

On October 4, 2011, a federal grand jury, sitting in the Northern District of Florida, returned a one-count second superseding indictment charging Garfias-Garcia and 5 codefendants, with conspiring to distribute and possess with the intent to distribute five kilograms or more of cocaine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846.  (Docs. 202, 287, 293, 300, 319).

Garfias-Garcia proceeded to trial.  (Doc. 343).  The jury found Garfias-Garcia guilty as charged. (Doc. 345). The district court sentenced Garfias-Garcia to 360

months imprisonment.  (Doc. 440). His judgment and sentenced was affirmed on direct

appeal. (Doc. 520). Garfias-Garcia's sentence was reduced to 292 months after a

retroactive change in the U.S.S.G. (Doc. 548). The defendant's motion to vacate his

conviction pursuant to § 2255 was denied. (Doc. 575). The Eleventh Circuit denied a

COA on the appeal of his § 2255 motion. (Doc. 591).

According to Bureau of Prisons records, Defendant, age 44, is currently

projected to be releasedfrom prison on May 27, 2032.

## Law & Argument

The Court has the discretion under the First Step Act to determine whether

extraordinary and compelling reasons exist such that relief may be granted an inmate.

*See, e.g.*, *United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at

*2 (D. Utah Feb. 18, 2020); *United States v. Beck*, No. 1:13-CR-186-6, 2019 WL

2716505, at *6 (M.D.N.C. June 28, 2019); *United States v. Cantu*, No. 1:05-CR-458-1,

2019 WL 2498923, at *1 (S.D. Tex. June 17, 2019). With due regard for the factors

outlined in U.S.S.G. § 1B1.13, as well as 18 U.S.C. § 3553(a) and 18 U.S.C. § 3142(g),

the government prays the Court will find that extraordinary and compelling reasons

do not exist to warrant a reduction in Defendant's sentence under the compassionate

release statute.

Defendant, currently incarcerated at the North Lake Correctional Institution,

and stated as medical grounds for release that he once smoked cigarettes.  (Doc. 632 – p.

5).  He neglected to advise the court that he has already contracted COVID-19, fully recovered under BOP's watchful care as of March 2, 2021, (Exhibit 5 – p. 1) and subsequently received both doses of Johnson & Johnson (Jassen) vaccine, on May 13, 2021 and December 30, 2021, to protect against the risk of re-infection. (Exhibit  3– pp. 13-14; Exhibit 4 – pp. 39-40).  He presumably now has the protection of natural antibodies and both vaccinations.

On this record, the defendant's motion has been rendered moot because he tested positive for the virus and there is no allegation or evidence that he suffered severe complications from the virus or that his condition ever became critical. (Exhibit 5). Moreover, and crucially, there is no evidence that the Bureau of Prisons has inadequately monitored and managed his care.

Under these circumstances, courts have consistently found the defendant's medical conditions, even taken with the pandemic, did not present an extraordinary and compelling reason warranting compassionate release. *See,e.g., United States v. Williams*, No. 3:16cr89-MCR (NDFL Nov. 3, 2020 – Doc. 171) (diabetic defendant's motion for compassionate release was **moot** "inlight of the fact that [he had] already contracted the virus," had "been in isolation and received medical care" in prison); *United States v. Mitchell*, No. 3:15cr30-MCR (NDFL Dec. 17, 2020 – Doc. 50) ("**moot**"; had contracted and recovered from COVID-19 under BOP's care); *United States v. Johnson*, No. 3:07cr139-RV (Docs. 26-28) (denied as **moot**

following COVID infection & recovery); *United States v. Comer*, No. 3:17cr104-RV (NDFL – Mar. 19, 2021 - Doc. 44) ("**moot**"); *United States v. Harris*, No. 4:18cr115, 2020 WL 4462256, at *1-2 (N.D. Ohio Aug. 4, 2020) (although defendant suffered from heart failure, obesity, and primary hypertension, his "positive test for COVID-19 cannot demonstrate an extraordinary and compelling reason to justify release absent any [grave] symptoms, lasting complications, or inadequate care"); *United States v. Gibson*, No. 2:09cr42, 2020 4299630, at *3 (E.D. Tenn. July 27, 2020) (concluding immunocompromised defendant's motion for compassionate release was **moot** "in light of the fact that [he had] already contracted the virus," had "been in isolation and received medical care" in prison); *United States v. Epstein*, No. 3:14cr287, 2020 WL 2537648 (D.N.J. May 19, 2020) (denying elderly defendant's motion for compassionate release—despite underlying heart disease, hypertension, diabetes, renal impairment and obesity—where he already contracted the virus and the BOP isolated him, then "transport[ed] himto the hospital for treatment when his condition became critical, and the medical records reveal[ed] that the BOP continue[d] to [adequately] monitor ortreat his ailments" thereafter); *United States v. Davis*, No. 2:06cr20020-2, 2020WL 2395977, at *2 (C.D. Ill. May 12, 2020) (finding defendant's arguments regarding risk of contracting COVID-19 **moot**—despite history of diabetes, hypertension and hyperlipidemia—where he had already contracted the virus and was "receiving healthcare in the facility"). Likewise here,

the defendant has not shown extraordinary and compelling reasons to justify release. While the government is sensitive to the defendant's concerns, it is evident he has received adequate care from the BOP and that his COVID-19 conditions were successfully managed and have resolved.

The facts of the defendant's situation do not demonstrate extraordinary and compelling circumstances. Importantly, as noted above, Garfias-Garcia received both doses of the Janssen vaccine. This vaccine is highly effective against COVID-19. Garfias-Garcia makes no argument as to how extraordinary and compelling circumstances might exist following his vaccinations, inasmuch as he failed to disclose his vaccinations and full recovery. His vaccinations provide significant protection from COVID-19, and mitigates his risks from the virus to such an extent that, even as a former smoker, an extraordinary and compelling reason to grant compassionate release does not exist. Numerous courts have reached a similar conclusion.[1] What's more, this demolishes the defendant's conclusory contention BOP is not taking adequate precautions. The fact that the defendant has been twice vaccinated does not suggest BOP is taking COVID-19 lightly or not protecting the defendant. *See United States v.*

---

[1] *See, e.g.*, *United States v. Diaz*, No. 1:19cr065, 2021 WL 2018217, at *1 (S.D.N.Y. May 20, 2021); *United States v. Harrison*, No. 4:16cr40073, 2021 WL 2021440, at *3 (C.D. Ill. May 20, 2021; *United States v. Gregory*, No. 1:13cr334, 2021 WL 1909605, at *4 (D. Md. May 12, 2021); *United States v. Johnson*, No. 4:19cr579, 2021 WL 1791499, at *2 (D.S.C. May 5, 2021); *United States v. Wiley*, No. 1:14cr48, 2021 WL 1669523, at *2 (M.D.N.C. Apr. 28, 2021); *United States v. Singh*, --- F. Supp. 3d ---, 2021 WL 928740, at *4 (M.D. Pa. Mar. 11, 2021) (collecting cases).

*Lipscomb*, 2021 WL 734519 (M.D. Fla. Feb. 25, 2012).

## The 18 U.S.C. § 3553(a) factors

Assuming for the sake of argument that the defendant is eligible for compassionate release based on a medical condition(s) and/or other reasons, the Court would still need to consider the § 3553(a) factors in deciding whether to grant him relief. U.S.S.G. § 1B1.13; Ruffin, 978 F.3d at 1005, 1008-09; Chambliss, 948 F.3d at 693-94; Lisi, 440 F.Supp.3d at 249, 252-53; Willis, 382 F.Supp.3d at 1187-89. Providing just punishment to protect the public from further crimes of the defendant is an important factors for a court to consider when reviewing a compassionate release motion, just as it is when a court imposes an original sentence. 18 U.S.C. §§ 3553(a)(1) & (2); Ruffin, 978 F.3d at 1005, 1008-09; Chambliss, 948 F.3d at 693-94; Lisi, 440 F.Supp.3d at 249, 252-53; Willis, 382 F.Supp.3d at 1187-89.  Even if the Court was to find that extraordinary and compelling reasons exist that make the defendant eligible for compassionate release, the Court should decline to grant him compassionate release.

### Statutory Background of the Compassionate Release Statute, 18 U.S.C. § 3582(c)(1)(A).

Generally, "[t]he court may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 819, 824 (2010).  The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act

on December 21, 2018, represents one of the narrow exceptions.  That statute provides, in

part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may
> not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A)  the court, upon motion of the Director of the Bureau of Prisons, or
> upon motion of the defendant after the defendant has fully exhausted all
> administrative rights to appeal a failure of the Bureau of Prisons to bring a
> motion on the defendant's behalf or the lapse of 30 days from the receipt
> of such a request by the warden of the defendant's facility, whichever is
> earlier, may reduce the term of imprisonment (and may impose a term of
> probation or supervised release with or without conditions that does not
> exceed the unserved portion of the original term of imprisonment), after
> considering the factors set forth in section 3553(a) to the extent that they
> are applicable, if it finds that—
>
> (i)   extraordinary and compelling reasons warrant such a reduction . . .
>
>
> and that such a reduction is consistent with applicable policy statements
> issued by the Sentencing Commission . . . .

Congress did not define what constitutes "extraordinary and compelling circumstances"

for purposes of § 3582(c)(1)(A), but rather delegated that authority to the Sentencing

Commission.  *See* 28 U.S.C. § 994(t); *see also United States v. Ebbers*, ___ F. Supp. 3d ___

2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020).  Under 28 U.S.C. § 994(t):

> The Commission, in promulgating general policy statements regarding the
> sentencing modification provisions in section 3582(c)(1)(A) of title 18,
> shall describe what should be considered extraordinary and compelling
> reasons for sentence reduction, including the criteria to be applied and a
> list of specific examples. Rehabilitation of the defendant alone shall not be
> considered an extraordinary and compelling reason.

Accordingly, the relevant policy statement of the Commission is binding on the Court. *See Dillon*, 560 U.S. at 827 (where 18 U.S.C. § 3582(c)(2), using the same language as § 3582(c)(1)(A), permits a sentencing reduction based on a retroactive Guidelines amendment, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," the Commission's pertinent policy statements are binding on the court); *United States v. Willingham*, No. CR 113-010, 2019 WL 6733028, at *2 (S.D. Ga. Dec. 10, 2019) ("[T]he Sentencing Commission, not the judiciary, determine[s] what constitutes an appropriate use of the 'compassionate release' provision.").[2]

The Sentencing Commission's Guidelines policy statement appears at § 1B1.13, and provides that the court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Critically, in application note 1 to the policy statement, the Commission identifies the "extraordinary and

---

[2] Prior to the passage of the First Step Act, while the Commission policy statement was binding on a court's consideration of a motion under § 3582(c)(1)(A), such a motion could only be presented by BOP. *See, e.g., Fernandez v. United States*, 941 F.2d 1488, 1493 (11th Cir. 1991) (explaining district court cannot review BOP's refusal to file motion for release). The First Step Act added authority for an inmate himself to file a motion seeking relief, after exhausting administrative remedies, or after the passage of 30 days after presenting a request to the warden, whichever is earlier.

compelling reasons" that may justify compassionate release. *See United States v. Wilks*, 464

F.3d 1240, 1245 (11th Cir. 2006) ("Commentary and Application Notes of the Sentencing

Guidelines are binding on the courts unless they contradict the plain meaning of the text of

the Guidelines."  The note provides:

> 1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

> (A)    Medical Condition of the Defendant.—

> (i)     The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

> (ii)    The defendant is—

> (I)  suffering from a serious physical or medical condition,

> (II)  suffering from a serious functional or cognitive impairment, or

> (III)  experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

> (B)  Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

> (C)  Family Circumstances.—

(i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D)  Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C). (Note: *Peralta*, 2021 WL 2400216 at *3 (courts do not have discretion to develop "other reasons" to justify a reduction in a defendant's sentence. *United States v. Bryant,* 996 F.3d 1243, 1248 (11th Cir. 2021)).

U.S.S.G. § 1B1.13, app. n.1 (Nov. 2018).  For its part, consistent with note 1(D), BOP

promulgated Program Statement 5050.50 ("PS 5050.50."), available at

https://www.bop.gov/policy/progstat/5050_050_EN.pdf, amended effective January 17, 2019,

to set forth its evaluation criteria.[3]  PS 5050.50 describes general circumstances related to

medical conditions, age, and family that are similar to those in application note 1(A) through

(C).[4]  *See* PS 5050.50, ¶¶ 3-6.

---

[3] As a "permissible construction of the statute," BOP's PS 5050.50 is "entitled to 'some deference.'"  *United States v. Saldana*, — Fed.Appx. —, 2020 WL 1486892, at *3 (10th Cir. 2020) (citing *Reno v. Koray*, 515 U.S. 50, 61 (1995)).

[4] PS 5050.50 also requires consideration of a list of nonexclusive factors: "the defendant's criminal and personal history, nature of his offense, disciplinary infractions, length of sentence and amount of time served, current age and age at the time of offense and sentencing, release plans, and '[w]hether release would minimize the severity of the offense.'"  *Saldana*, 2020 WL 1486892, at *3 (quoting PS 5050.50, ¶7).

In general, the defendant has the burden to show circumstances meeting the test for compassionate release. *See Saldana*, 2020 WL 1486892, at *4 ("[O]ur cases require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction."); *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) ("[A] defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case."); *see also United States v. Heromin*, No. 11-550, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)). As the terminology in the statute makes clear, compassionate release is "rare" and "extraordinary." *See United States v. Willis*, 382 F. Supp. 3d 1185, at 1188-89 (D.N.M. 2019) (citations omitted).

> ### *The district court lacks jurisdiction to consider the defendant's motion under § 3582(c)(1)(A) because he failed to meet his burden of demonstrating an extraordinary and compelling reason for relief.*

As explained above, a defendant must establish an "extraordinary and compelling reason" under § 3582(c)(1)(A) in order to be eligible for compassionate release. But, Garfias-Garcia failed to carry his burden of demonstrating that he met this requirement; thus, the district court does not have jurisdiction to grant his compassionate release request. *Cf. Cruz-Pagan v. Warden, FCC Coleman-Low*, 486 Fed.Appx. 77, 78 (11th Cir. 2012) (explaining that district court lacked jurisdiction under § 3582(c)(1)(A) until defendant met condition precedent, specifically a motion made by BOP on defendant's behalf); *United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir. 2010) (holding district court lacked jurisdiction to consider §

3582(c)(2) motion, even though amendment would lower applicable guideline range, where defendant was originally sentenced on basis of mandatory minimum). Section 3582(c) specifically states that a "court may not modify a term of imprisonment once it has been imposed" unless the defendant meets her burden satisfying the statutory requirements. *See* 18 U.S.C. § 3582(c); *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."). Thus, "district courts are permitted to modify a term of imprisonment to the extent expressly permitted by statute." *United States v. Carter*, 792 Fed.Appx. 660, 662 (11th Cir. 2019).

The Tenth Circuit applied this same reasoning in holding that § 3582(c)(1)(A)'s requirements were jurisdictional. *See Saldana*, 2020 WL 1486892, at *3. "Ultimately, '[a] district court is authorized to modify a [d]efendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.'" *Id*. (quoting *United States v. White*, 765 F.3d 1240, 1244 (10th Cir. 2014)). "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lacked jurisdiction to consider [the defendant's] request." *Id*.

The efficacy of the Janssen vaccine has obviously provided significant protection to the defendant from COVID-19, and has mitigated his risks from the virus to such an extent that, even in combination with once smoking cigarettes, it no longer presents an extraordinary and compelling reason to grant compassionate release. Numerous courts have held so, including

this district's *Olds* and *Moodispaugh* cases cited below.[5]

_____

[5] *United States v. Olds*, NDFL Case No. 3:09cr04-MCR-EMT;  Doc. 93 (06/23/2021)
(major depressive order, anxiety disorder, post-traumatic stress disorder, hypertension,
a body mass index of approximately 32, and is a former smoker; "vaccination provides
significant protection from COVID-19, and mitigates his risks from the virus to such an
extent that, even in combination with his medical conditions, it no longer presents an
extraordinary and compelling reason to grant compassionate release"); *United States v.
Moodispaugh*, NDFL Case No. 3:19cr52-MCR;  Doc. 63 (07/12/2021) (hypertension,
asthma, obesity; "vaccination provides significant protection from COVID-19, and
mitigates his risks from the virus to such an extent that, even in combination with his
medical conditions, it no longer presents an extraordinary and compelling reason to
grant compassionate release"); *United States v. Battle*, __ Fed.Appx. __, 2021 WL
4550925, *2 (3d Cir. Oct. 5, 2021) (the defendant had contracted and recovered from
COVID-19, and sought release based on hypertension, asthma, and his race; Battle was
completely vaccinated, giving him significant protection against reinfection. Given
those facts, Battle did not make the threshold showing that "extraordinary and
compelling reasons" supported his release; *United States v. Jefferson*, __ Fed.Appx. __,
2021 WL 4279626, at *2 (3d Cir. Sept. 21, 2021) (the defendant presents
cryptococcosis and obesity, and takes immunosuppressants to avoid organ rejection
after a kidney transplant; the district court denied relief based on the 3553(a) factors
(the defendant had served only 12 years of a 17-year sentence for drug trafficking),
then denied reconsideration notwithstanding an outbreak of COVID at Allenwood (that
also infected the defendant); the court concluded that, "considering that Jefferson had
contracted and recovered from COVID-19 and had been vaccinated, 'circumstances
had shifted to make Jefferson's case for release based on the covid threat much less
compelling than it had been initially.'" The Court of Appeals concluded: "The District
Court did not err by declining to grant relief because Jefferson did not show that he is
at a greater risk of infection or that FCI Allenwood places him at a heightened risk.
This is particularly true considering the high rates of vaccination among the inmate
population and the staff at FCI-Allenwood."); *United States v. Lemons*, 15 F.4th 747,
751 (6th Cir. 2021) ("a defendant's incarceration during the COVID-19 pandemic—
when the defendant has access to the COVID-19 vaccine—does not present an
'extraordinary and compelling reason' warranting a sentence reduction. . . . After all,
with access to the vaccine, an inmate largely faces the same risk from COVID-19 as
those who are not incarcerated. To be sure, inmates in some respects face social
distancing challenges distinct from those of the general public (although perhaps not
entirely unlike students in dorm rooms, individuals in medical and assisted care
facilities, and even residents of densely occupied apartment complexes). But to the

extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19. And at this intersection of law and science, we find wisdom in Judge Easterbrook's assessment that 'for people living in close quarters, vaccines offer relief far more effective than a judicial order.'"); *United States v. Adkins*, 854 Fed.Appx. 758, 759–60 (7th Cir. 2021) (a defendant with asthma and other ailments does not present an extraordinary circumstance in light of vaccination); *United States v. Hall*, 2021 WL 2334241, at *2 (N.D. Ala. June 8, 2021) (Blackburn, J.); *United States v. Cortez*, 2021 WL 689923 (D. Ariz. Feb. 23, 2021) (Logan, J.); *United States v. Godoy-Machuca*, 2021 WL 961780, at *2 (D. Ariz. Mar. 15, 2021) (Humetewa, J.) (defendant also recovered from COVID-19); *United States v. Pena*, 2021 WL 1688240 (D. Ariz. Apr. 28, 2021) (Humetewa, J.); *United States v. Nash*, 2021 WL 1688242 (D. Ariz. Apr. 29, 2021) (Teilborg, J.);  *United States v. Kariblghossian*, 2021 WL 1200181, at *3 (C.D. Cal. Mar. 29, 2021) (Snyder, J.) ("[T]he available scientific evidence suggests that the Pfizer vaccine is highly effective against known variants of the SARS-COV-2 virus that causes COVID-19."); *United States v. Mejia-Nuno*, 2021 WL 1721580, at *4–5 (C.D. Cal. Apr. 30, 2021) (Snyder, J.); *United States v. Barajas-Guerrero*, 2021 WL 1839728, at *6 (E.D. Cal. May 7, 2021) (O'Neill, J.); *United States v. Smith*, 2021 WL 1890770, at *3–6 (E.D. Cal. May 11, 2021) (Mueller, J.); *United States v. Ruelas*, 2021 WL 1615369, at *3 (N.D. Cal. Apr. 26, 2021) (Koh, J.); *United States v. Jackson*, 2021 WL 1927506, at *3 (N.D. Cal. May 13, 2021) (Breyer, J.); *United States v. Grummer*, 2021 WL 568782, at *2 (S.D. Cal. Feb. 16, 2021) (Sabraw, C.J.) (denying compassionate release to defendant with several chronic medical conditions when defendant had been fully vaccinated against COVID-19); *United States v. Del Rosario Martinez*, 2021 WL 956158, at *3 n.10 (S.D. Cal. Mar. 10, 2021) (Anello, J.);  *United States v. Weaver*, 2021 WL 2290781 (D. Colo. June 3, 2021) (Brimmer, J.); *United States v. Poupart*, 2021 WL 917067, at *1 (D. Conn. Mar. 10, 2021) (Arterton, J.)  ("The opportunity for individually-identifiable inmates to opt to receive the COVID-19 vaccine represents a sea change from their previous COVID-19 infection vulnerability and inability to protect themselves against the virus, even with comorbidities. . . . Evidence that a defendant has been offered the vaccine, whether he accepts it or not, demonstrates that he had the ability and opportunity to take measures to markedly reduce his risk of severe illness or death from COVID-19 while incarcerated. Mr. Poupart's argument that his significant medical needs warrant his release lacks persuasive force since the vaccine has empowered Mr. Poupart to reduce these risks."); *United States v. McBriarty*, 2021 WL 1648479, at *6 (D. Conn. Apr. 27, 2021) (Underhill, J.) ("Given current understanding, the Pfizer vaccine is so effective at preventing serious illness from COVID-19 that the threat of McBriarty's becoming seriously ill is miniscule—and certainly not extraordinary and compelling."); *United States v. Rudkin*, 2021 WL 2109182, at *1 (D. Conn. May 25,

_____

2021) (Thompson, J.); *United States v. Shepard*, 2021 WL 848720, at *5 (D.D.C. Mar. 4, 2021) (Moss, J.); *United States v. Hicks*, 2021 WL 1634692, at *6 (D.D.C. Apr. 27, 2021) (Howell, J.); *United States v. Martinez*, 2021 WL 2322456 (D.D.C. June 7, 2021) (Lamberth, J.); *United States v. Lipscomb*, 2021 WL 734519, at *2 (M.D. Fla. Feb. 25, 2021) (Chappell, J.) (inmate received both doses; "What's more, this demolishes Lipscomb's conclusory contention BOP is not taking adequate precautions. Currently, tens—if not hundreds—of millions of Americans are scurrying to figure out how to get a vaccine. Yet Lipscomb already received both doses. This does not suggest BOP is taking COVID-19 lightly or not protecting Lipscomb."); *United States v. Khuong*, 2021 WL 1894024 (M.D. Fla. May 11, 2021) (Howard, J.); *United States v. La Cava*, 2021 WL 2210067, at *3–4 (M.D. Fla. June 1, 2021) (Antoon, J.); *United States v. Ellis*, 2021 WL 2351737, at *2 (M.D. Fla. June 9, 2021) (Davis, J.); *United States v. Stewart*, 2021 WL 1011041, at *2 (D. Haw. Mar. 16, 2021) (Mollway, J.); *United States v. Decano*, 2021 WL 1095979, at *6 (D. Haw. Mar. 22, 2021) (Gillmor, J.); *United States v. Sakuma*, 2021 WL 1536571, at *3 (D. Haw. Apr. 19, 2021) (Seabright, J.); *United States v. Kaui*, 2021 WL 1971483, at *2 (D. Haw. May 17, 2021) (Watson, J.); *United States v. Gordon*, 2021 WL 2094470, at *3 (D. Haw. May 24, 2021) (Seabright, C.J.) (54-year-old defendant presents diabetes, heart disease, obesity, and possible kidney disease; relief is denied as he has been vaccinated); *United States v. Harrison*, 2021 WL 2021440 (C.D. Ill. May 20, 2021) (Darrow, C.J.); *United States v. Pennington*, 2021 WL 1976803 (N.D. Ind. May 18, 2021) (Simon, J.); *United States v. Schoonover*, 2021 WL 1814990, at *6 (S.D. Ind. May 6, 2021) (Magnus-Stinson, J.) (notwithstanding chronic kidney disease, there is no extraordinary circumstance following full vaccination); *United States v. Burgoon*, 2021 WL 1736873 (D. Kan. May 3, 2021) (Lungstrum, J.) (no extraordinary circumstance in light of recovery from COVID and vaccination); *United States v. McIver*, 2021 WL 1792070, *3 (E.D. Ky. May 5, 2021) (Reeves, C.J.); *United States v. Johnson*, 2021 WL 863754, at *2 (W.D. Ky. Mar. 8, 2021) (Russell, J.); *United States v. Jones*, 2021 WL 1172537, at *2 (E.D. La. Mar. 29, 2021) (Barbier, J.); *United States v. Leavell*, 2021 WL 1517912, at *3 (E.D. La. Apr. 16, 2021) (Morgan, J.); *United States v. Moore*, 2021 WL 2325014, at *3 (M.D. La. June 7, 2021) (Dick, C.J.); *United States v. Robinson*, 2021 WL 1723542, at *4 (W.D. La. Apr. 30, 2021) (Doughty, J.) (given vaccination, "even though Robinson does have serious medical conditions, there is no extraordinary and compelling reasons supporting compassionate release."); *United States v. Pignatello*, 2021 WL 1396276 (D. Me. Apr. 13, 2021) (Walker, J.); *United States v. French*, 2021 WL 1819697, at *14 (D. Me. May 6, 2021) (Woodcock, J.); *United States v. Harris*, 2021 WL 1516012, at *2 (D. Md. Apr. 16, 2021) (Gallagher, J.) ("On the present record, then, this Court concludes that Harris's vaccination status removes his borderline obesity from the category of risk constituting an "extraordinary

and compelling reason" to consider compassionate release."); *United States v. Gianelli*, 2021 WL 1408020, at *2 (D. Mass. Apr. 14, 2021) (Gorton, J.); *United States v. McForbes*, 2021 WL 1617186 (D. Mass. Apr. 26, 2021) (Hillman, J.); *United States v. Trenkler*, 2021 WL 1811652, at *12 (D. Mass. May 6, 2021) (Smith, J.); *United States v. Smith*, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021) (Ludington, J.) ("According to the CDC, the Moderna vaccine is exceptionally safe and effective, preventing 94.1% of infections in clinical trials. . . . Accordingly, absent some shift in the scientific consensus, Defendant's vaccination against COVID-19 precludes the argument that his susceptibility to the disease is 'extraordinary and compelling' for purposes of § 3582(c)(1)(A)."); *United States v. Goston*, 2021 WL 872215, at *3 (E.D. Mich. Mar. 9, 2021) (Levy, J.) (finding the potential that the Pfizer vaccine does not protect against variants inadequate to justify release); *United States v. White*, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021) (Levy, J.) (denied after first dose, and rejects speculation regarding future effectiveness against variants: "Defendant is free to renew his motion should more information emerge suggesting that the Pfizer vaccine cannot protect him from new imminent strains of COVID-19. However, at this time, the Court does not find extraordinary and compelling circumstances based on that speculation."); *United States v. Gabbard*, 2021 WL 1037724, at *3 (E.D. Mich. Mar. 18, 2021) (Cox, J.); *United States v. Miller*, No. 13-20928, 2021 WL 1115863, at *2 (E.D. Mich. Mar. 24, 2021) (Cleland, J.) ("The court is aware of no scientifically derived evidence showing that severe complications or death from COVID-19 is likely, or even possible, after an individual has received a full vaccination regimen. Over forty million individuals have been fully vaccinated in the United States, and the court does not know of a single confirmed death of a fully vaccinated individual from COVID-19."); *United States v. Collier*, 2021 WL 1560079, at *2 (E.D. Mich. Apr. 21, 2021) (Murphy, J.) (citing consistent decisions in E.D. Mich. denying relief to vaccinated inmates); *United States v. Johnson*, 2021 WL 1550460, at *5 (D. Minn. Apr. 20, 2021) (Frank, J.) ("To the extent Johnson remains concerned about contracting COVID-19 after receiving the vaccine, the Court finds this fear entirely speculative and declines to grant release based on a generalized fear of reinfection."); *United States v. Rodriguez*, 2021 WL 1187149, at *1–2 (D. Minn. Mar. 30, 2021) (Schiltz, J.) ("Given that Rodriguez is or will soon be fully vaccinated against COVID-19, the Court concludes that Rodriguez's obesity and hypertension are not extraordinary and compelling reasons justifying his release. . . . Rodriguez argues that it is unclear how effective the Pfizer vaccine is, how long its effects will last, and whether it protects against the COVID variants, leaving a risk that he could still become seriously ill. Although all evidence to date is that the Pfizer vaccine is very effective, no one claims that it is 100 percent effective, and thus there remains a small risk that Rodriguez could be infected by COVID-19 and become seriously ill from that infection. But every prisoner runs a

---

small risk of lots of serious medical conditions (including COVID-19). The small risk that Rodriguez may contract COVID-19 and become seriously ill is simply too speculative to justify his release."); *United States v. Giles*, 2021 WL 1737755 (D. Minn. May 3, 2021) (Montgomery, J.) (no extraordinary circumstance in light of recovery from COVID and vaccination); *United States v. Parham*, 2021 WL 1911899, at *2 (S.D. Miss. May 12, 2021) (Guirola, J.); *United States v. Diaz-Ordaz*, 2021 WL 2160539 (D. Nev. May 26, 2021) (Hicks, J.); *United States v. Thompson*, 2021 WL 2324498, at *1 (D. Nev. June 7, 2021) (Navarro, J.); *United States v. Harris*, 2021 WL 2346007 (D. Nev. June 8, 2021) (Du, J.) (after receiving the first Moderna dose, the defendant became sick, and then declined the second dose; release is denied, as the first dose affords some protection, he declined additional protection, and he also recovered from COVID); *United States v. Kirkland*, 2021 WL 1541068, at *5 (D.N.J. Apr. 20, 2021) (Hayden, J.); *United States v. Edmonds*, 2021 WL 1561848, at *2 (D.N.J. Apr. 21, 2021) (Bumb, J.); *United States v. Conway*, 2021 WL 1884861, at *2–3 (D.N.J. May 11, 2021) (Wigenton, J.); *United States v. Wilson*, 2021 WL 1997372, at *2 (D.N.J. May 19, 2021) (Wigenton, J.); *United States v. Turbides-Pena*, 2021 WL 2310093 (D.N.J. June 7, 2021) (Chesler, J.); *United States v. Sobrado*, 2021 WL 2328143, at *2 (D.N.J. June 7, 2021) (Hillman, J.); *United States v. Gomez-Vega*, 2021 WL 1339394, at *3 (D.N.M. Apr. 9, 2021) (Gonzales, J.); *United States v. Kosic*, 2021 WL 1026498, at *2 (S.D.N.Y. Mar. 17, 2021) (Crotty, J.) (also rejected other objections based on conditions at Fort Dix, where the inmate received the first dose of the Moderna vaccine, and also recovered from COVID-19); *United States v. Brown*, 2021 WL 1154207, at *3 (S.D.N.Y. Mar. 26, 2021) (Wood, J.); *United States v. Hayward*, 2021 WL 1820158, at *2 (S.D.N.Y. May 5, 2021) (Castel, J.); *United States v. Santana*, 2021 WL 1819683, at *2 (S.D.N.Y. May 6, 2021) (Caproni, J.); *United States v. Alamo*, 2021 WL 1904975, at *3 (S.D.N.Y. May 12, 2021) (Berman, J.); *United States v. Session*, 2021 WL 2195505 (W.D.N.Y. June 1, 2021) (Larimer, J.) ("The fact that Session has contracted the virus without significant impact and in light of the fact that he has been vaccinated, his risk of further infection seems quite minimal."); *United States v. Harper*, 2021 WL 1876126 (E.D.N.C. May 10, 2021) (Dever, J.); *United States v. Wiley*, 2021 WL 1669523, at *2 (M.D.N.C. Apr. 28, 2021) (Eagles, J.); *United States v. Wakefield*, 2021 WL 640690, at *3 (W.D.N.C. Feb. 18, 2021) (Reidinger, C.J.) (defendant presents obesity, diabetes, and hypertension, but he previously tested positive, and has received the first dose; "Because he has already contracted the virus and recovered without complication, and because he is in the process of being vaccinated, the Defendant cannot meet his burden of establishing that his COVID-19 risk is an extraordinary and compelling reason for his release."); *United States v. Williams*, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021) (Bell, J.); *United States v. Burks*, 2021 WL 1394857, at *3–4 (W.D.N.C. Apr.

---

13, 2021) (Cogburn, J.); *United States v. Dixon*, 2021 WL 2315193, at *2 (N.D. Ohio June 7, 2021) (Adams, J.) (in light of the sharply declining positive rate in BOP facilities and the number of vaccinations, "the Court can no longer find that the COVID-19 pandemic can be relied upon to demonstrate extraordinary and compelling reasons."); *United States v. Groom*, 2021 WL 1220225, at *2 (S.D. Ohio Apr. 1, 2021) (Sargus, J.) ("Here, Defendant is not at high risk of contracting severe COVID-19 because Defendant will have received both does of the Pfizer vaccine by the time he would be released. According to clinical trials published on the CDC's website, the Pfizer vaccine was 95% effective at preventing COVID-19 in people who did not have a previous infection. More importantly for purposes of this motion, clinical trials have shown that the Pfizer vaccine is 100% effective at preventing severe disease. Therefore, because Defendant will be at little-to-no risk of severe COVID-19 shortly after receiving his second Pfizer dose, there are no 'extraordinary and compelling reasons' justifying a compassionate release in this case."); *United States v. Roe*, 2021 WL 1711296, at *2 (S.D. Ohio Apr. 30, 2021) (Sargus, J.) (inmate recovered from COVID and received Pfizer vaccine, and therefore is not eligible for relief notwithstanding conditions including diabetes and heart, kidney, and respiratory ailments); *United States v. Ingram*, 2021 WL 2295515 (W.D. Okla. June 4, 2021) (Cauthron, J.); *United States v. Cardoza*, 2021 WL 932017, at *1 (D. Or. Mar. 11, 2021) (Jones, J.); *United States v. Meyer*, 2021 WL 1895240 (D. Or. May 11, 2021) (McShane, J.); *United States v. Wills*, 2021 WL 2179256, at *1 (D. Or. May 27, 2021) (Brown, J.) (citing many cases); *United States v. Roper*, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) (Kearney, J.) ("The risk posed to an inoculated Mr. Roper is not an extraordinary and compelling reason for his release."); *United States v. Jones*, 2021 WL 1561959, at *1 (E.D. Pa. Apr. 21, 2021) (McHugh, J.) ("As the Government itself acknowledges, the scientific consensus surrounding vaccines can change. . . . But as of now, the available data confirms the extreme effectiveness of the vaccines."); *United States v. Hannigan*, 2021 WL 1599707, at *5–6 (E.D. Pa. Apr. 22, 2021) (Kenney, J.) ("Other courts in the Third Circuit have agreed that the protection provided by an authorized COVID-19 vaccination reduces the risk of serious illness from COVID-19 to such a degree that the threat of the pandemic alone cannot present an extraordinary and compelling reason for compassionate release.") (citing cases); *United States v. Otero-Montalvo*, 2021 WL 1945764, at *3 (E.D. Pa. May 14, 2021) (Schmehl, J.) (41-year-old defendant presents asthma and obesity, but has been vaccinated; the court dismisses his complaints regarding prison management, stating, "The BOP and FCI Fort Dix administering vaccinations shows that they are taking the appropriate precautions to the COVID-19 pandemic and are safeguarding inmates."); *United States v. Kamara*, 2021 WL 2137589 (E.D. Pa. May 26, 2021) (Bartle, J.); *United States v. Peterson*, 2021 WL 2156398, at *2 (E.D. Pa. May 27, 2021) (Joyner,

J.) (the defendant "suffers from hypertension, asthma, and prediabetes and he is obese and a former smoker," but "[g]iven the significant protection the [Johnson and Johnson] vaccine offers and the declining rates of COVID-19 infections in prisons, we (like many other courts) do not find that Mr. Peterson has presented extraordinary and compelling circumstances at this time."); *United States v. Haines*, 2021 WL 2255898, at *2 (E.D. Pa. June 3, 2021) (Jones, J.) (full vaccination and recovery from COVID further supports earlier denial of relief); *United States v. Singh*, 525 F.Supp. 3d 543, 2021 WL 928740, at *3–4 (M.D. Pa. Mar. 11, 2021) (Brann, J.) ("Indeed, the majority of CDC recommendations for fully vaccinated people indicate that the CDC's primary concern is not with fully vaccinated individuals being hospitalized due to COVID-19, but with such individuals potentially spreading the virus to unvaccinated individuals. . . . It is, of course, possible that future research will demonstrate that current, or future, COVID-19 variants mitigate the effectiveness of the Moderna vaccine to such an extent that the vaccine no longer provides individuals with effective protection. However, Singh has not demonstrated that such is the case today and, it bears emphasizing, the burden falls upon Singh to demonstrate that compassionate release is warranted.") (collecting cases); *United States v. Stiver*, 2021 WL 1110593, at *1 (W.D. Pa. Mar. 23, 2021) (Bissoon, J.); *United States v. Watkins*, 2021 WL 1627764, at *2 (W.D. Pa. Apr. 27, 2021) (Ambrose, J.); *United States v. Banks*, 2021 WL 2373724, at *4 (W.D. Pa. June 9, 2021) (Hornak, C.J.); *United States v. Johnson*, 2021 WL 1791499, at *2 (D.S.C. May 5, 2021) (Coggins, J.); *United States v. Vonwille*, 2021 WL 1734337 (D.S.D. May 3, 2021) (Schreier, J.); *United States v. Dalton*, 2021 WL 1911129, at *5 (E.D. Tenn. May 12, 2021) (Greer, J.); *United States v. Jackson*, 2021 WL 1721427 (M.D. Tenn. Apr. 30, 2021) (Crenshaw, J.); *United States v. Goyer*, 2021 WL 2371345, at *2 (W.D. Tenn. June 9, 2021) (Breen, J.); *United States v. Contreras*, 2021 WL 1536504, at *5 (E.D. Tex. Apr. 19, 2021) (Crone, J.); *United States v. Beltran*, 2021 WL 398491, at *3 (S.D. Tex. Feb. 1, 2021) (Rainey, J.) (denying compassionate release to defendant with underlying health conditions when defendant had received first vaccine dose); *United States v. Lomu*, 2021 WL 1894799, at *2 (D. Utah May 11, 2021) (Stewart, J.); *United States v. Medina*, 2021 WL 1986834 (D. Utah May 18, 2021) (Campbell, J.); *United States v. Murry*, 2021 WL 1899362 (E.D. Va. May 11, 2021) (Smith, J.) ("the combined efficacy of the vaccine and the Defendant's previous COVID-19 infection strongly suggests that he has little, if any, risk of contracting or suffering serious illness from COVID-19, even if Fort Dix has another outbreak, which is speculative at best given the BOP's vaccination roll-out."); *United States v. Hawthorne*, 2021 WL 1912382, at *2 (E.D. Va. May 12, 2021) (Payne, J.); * *Gale v. United States*, 2021 WL 1912380, at *3 (E.D. Va. May 12, 2021) (Jackson, J.) (relief is denied notwithstanding obesity, chronic kidney disease, and hypertension, in light of vaccination and CDC information regarding efficacy; "With this information from the

Having been vaccinated, the defendant has failed to establish extraordinary and compelling circumstances for compassionate release leaving the district court without jurisdiction to further consider his motion.

The Sentencing Guidelines policy statement regarding the compassionate release statute appears at § 1B1.13 and provides that the court may grant release if "extraordinary and compelling reasons" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  It is the law of this Circuit that district courts do not have authority under the compassionate release statute to deem a defendant eligible for relief for reasons other than those set forth in U.S.S.G. § 1B1.13 cmt. n.1(A) through (C).  United States v. Giron, 15 F.4th 1343, 1346 (11th Cir. 2021); United States v. Bryant, 996 F.3d 1243, 1247-48, 1262-65 (11th Cir. 2021), cert. denied, 2021 WL 5763101 (2021).

---

CDC and knowing that Petitioner is fully vaccinated and in an environment in which many of the inmates within his facility are also vaccinated (and continuing to be vaccinated), the Court cannot conclude that Petitioner's circumstances are so extraordinary as to warrant release from incarceration."); United States v. Ballenger, 2021 WL 308814, at *4 (W.D. Wash. Jan. 29, 2021) (Settle, J.); and United States v. Mowery, 2021 WL 1910041, at *2 (S.D.W. Va. May 11, 2021) (Goodwin, J.); United States v. Diaz, No. 1:19cr065, 2021 WL 2018217, at *1 (S.D.N.Y. May 20, 2021); United States v. Gregory, No. 1:13cr334, 2021 WL 1909605, at *4 (D. Md. May 12, 2021).

Overall, the defendant has the burden to show circumstances meeting the test for compassionate release.  United States v. Mattingly, 2020 WL 974874, *3 (W.D. Va. 2020); Lisi, 440 F.Supp.3d 246, 249 (S.D.N.Y. 2020); United States v. Heromin, 2019 WL 2411311, *2 (M.D. Fla. 2019); White v. United States, 378 F.Supp.3d 784, 785 (W.D. Mo. 2019); see also United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) ("a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case"); United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992) (a "party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue").  As the terminology in the statute shows, compassionate release is "rare" and "extraordinary."  White, 378 F.Supp.3d at 787; accord Willis, 382 F.Supp.3d at 1188.

Accordingly, "a district court may not grant a defendant compassionate release unless it makes three findings."  Giron, 15 F.4th at 1347-48; accord Tinker, 14 F.4th at 1237-38; 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.  Those three findings are: (1) the § 3553(a) factors favor doing so, (2) there are 'extraordinary reasons for doing so, and (3) doing so would not endanger any person or the community (a requirement set forth in U.S.S.G. § 1B1.13).  Giron, 15 F.4th at 1347-48; Tinker, 14 F.4th at 1237-39; 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.  Since all three conditions are necessary for a district court to grant relief, a district court may deny relief based on any one of

the three conditions without addressing the other two conditions.  <u>Giron</u>, 15 F.4th at 1347, 1349; <u>Tinker</u>, 14 F.4th at 1237-40.

WHEREFORE, the government prays this Honorable Court will enter its Order dismissing the defendant's motion for compassionate release (Doc. 632) as moot.

Respectfully submitted,

JASON R. COODY
United States Attorney

<u>*/S Lennard B. Register, III*</u>
LENNARD B. REGISTER, III
Assistant United States Attorney
Northern District of Florida
Florida Bar No. 264970
21 East Garden Street, Ste. 400
Pensacola, FL 32502
(850) 444-4000
len.register@usdoj.gov

## **LOCAL RULE 7.1(F) CERTIFICATE**

I HEREBY CERTIFY that this motion contains 7,498 words, perMicrosoft Word's word count, which complies with the word limit requirements set forth in Local Rule 7.1(F).

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 5, 2022, the foregoing was filed electronically with the Clerk of the Court using the CM/ECF filing system and that a true copy will be furnished by U.S. mail to Jose Misael Garfias-Garcia, Reg. No. 21036-017, North Lake Correctional Institution, P.O. Box 1500, Baldwin, MI 49304.

*/s Lennard B. Register, III*
LENNARD B. REGISTER, III
Assistant United States Attorney
