IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO. 4:11cr37-RH

JOSE MISAEL GARFIAS-GARCIA,

    Defendant.

_____/

## ORDER DENYING A SENTENCE REDUCTION

    The defendant Jose Misael Garfias-Garcia has served roughly 11 years on a 30-year sentence in the Bureau of Prisons. He has moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), which allows a reduction for "extraordinary and compelling reasons." The government asserts the motion is moot and thus has moved to dismiss the motion. This order denies the motion to dismiss. The order denies the motion to reduce the sentence on the merits.

I

    Federal law has long allowed a district judge to reduce a sentence based on "extraordinary and compelling reasons" or in other narrowly defined

circumstances. 18 U.S.C. § 3582(c)(1)(A). This is sometimes referred to rather imprecisely as "compassionate release."

Until recently, a district court could grant such a sentence reduction only on motion of the Director of the Bureau of Prisons. The First Step Act changed this, allowing a sentence reduction on the motion of the Director *or the defendant*. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238. A defendant may file such a motion after exhausting administrative remedies. *See* 18 U.S.C. § 3582(c)(1)(A). Or the defendant may file such a motion without exhausting administrative remedies if more than 30 days have passed since the defendant delivered a request for relief to the warden of the defendant's facility. *Id*.

Mr. Garfias says he requested relief from the warden in "March 2022" and had not received a response as of March 25, 2022, when he filed this motion. If he did not request relief before March 2022, he failed to meet the exhaustion-or-30-days requirement. This, without more, would require or at least allow denial of the motion. But in its response to the motion, the government has not asserted this defense.

II

Mr. Garfias asserts, as one allegedly extraordinary and compelling reason for a sentence reduction, that he is at heightened risk from covid-19. The government says Mr. Garfias's motion is moot because he has contracted and

recovered from covid-19 and has been vaccinated. But this is not the only allegedly extraordinary and compelling reason Mr. Garfias invokes. And Mr. Garfias is still in the Bureau of Prisons and still asserts he is entitled to a sentence reduction. The lowered risk of covid-19 is a factor on the merits, but the motion is not moot.

III

On the merits, the statute allows a sentence reduction if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Mr. Garfias invokes allegedly extraordinary and compelling reasons including the risk of covid-19, his rehabilitation while serving his sentence, and the need to provide caretaking for his ailing mother.

The Sentencing Commission's policy statements are set out in United States Sentencing Guidelines Manual § 1B1.13 (2018). An application note lists specific conditions that make a defendant eligible: a terminal illness, *see id*. at n.1(A)(i); a debilitating medical condition from which the defendant is not expected to recover that substantially diminishes the ability to provide self-care, *see id*. at n.1(A)(ii); age 65 or greater and attendant serious deterioration of health, *see id*. at n.1(B); and family circumstances that include death or incapacitation of a child's caregiver or

incapacitation of a spouse, *see id*. at n.1(C). The note also has a catchall provision: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id*. at n.1(D).

Until recently, it seemed clear that heightened risk from covid-19 was a qualifying extraordinary and compelling reason. *See, e.g.*, *United States v. McKinney*, No. 4:04-cr-3-RH (N.D. Fla. Sept. 21, 2020); *United States v. Mize*, No. 5:15-cr-25-RH (N.D. Fla. Nov. 1, 2020); *United States v. Ransom*, No. 4:10-cr-54-RH (N.D. Fla. Sept. 21, 2020). Indeed, the government in this district ordinarily acknowledged this. *See, e.g.*, *United States v. Mize*, No. 5:15-cr-25-RH, Government's Resp. to Def.'s Mot. for Compassionate Release, ECF No. 327 at 3; *see also Ransom* at 5 (noting the government's inconsistent approach). Some courts, including this one, also held it an extraordinary and compelling reason that a sentence was abnormally harsh or out of line with current standards. *See, e.g.*, *United States v. Cotrell*, No. 4:01-cr-11-RH (N.D. Fla. Dec. 1, 2020).

Now, though, the United States Court of Appeals for the Eleventh Circuit has cast doubt on these decisions. In *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), the court held the Sentencing Guidelines' application note binding,

contrary to the view of other circuits. And the court held binding on Mr. Bryant the catchall provision's requirement for a determination by the Bureau of Prisons.

The court did not address, because Mr. Bryant had not adequately briefed, the substantial question whether the Sentencing Commission, having been delegated by statute the authority to adopt policies on this issue, could in turn delegate that authority to the Bureau of Prisons. *See id*. at 1264 n.6. This left unclear the question whether, in any other case, the Commission's delegation of authority to the Bureau of Prisons would be held valid. But in *United States v. Giron*, 15 F.4th 1343 (11th Cir. 2021), the court followed *Bryant* without even mentioning the delegation issue that *Bryant* left open.

It thus may be unclear whether the delegation issue remains open. There is no need to address this question in Mr. Garfias's case, because, as addressed below, the motion to reduce the sentence would be denied either way.

IV

That a defendant is *eligible* for a reduction does not mean a court should exercise its discretion to *grant* a reduction. The governing statute, § 3582(c)(1)(A), explicitly requires the court to consider the § 3553(a) sentencing factors to the extent applicable. A sentence reduction under § 3582(c)(1)(A) is not constrained by the minimum mandatory. And now, unlike when the sentence was imposed, the covid risk is a factor in the analysis. Even so, a sentence of time served, or a

greater sentence ending before the covid risk is likely to substantially subside, would not be sufficient to meet the § 3553(a) sentencing factors. If a new sentencing were conducted today, the same sentence would again be imposed, for the same reasons set out on the record of the original sentencing hearing, now with the covid risk added to the mix.

Based on the entire record, including the presentence report, I conclude as a matter of discretion that Mr. Garfias's sentence should not be reduced at this time.

V

For these reasons,

IT IS ORDERED:

1. The government's motion, ECF No. 633, to dismiss Mr. Garfias's motion for a sentence reduction is denied.

2. Mr. Garfias's motion for a sentence reduction, ECF No. 632, is denied.

3. The clerk must provide copies of this order to Mr. Garfias himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on April 7, 2022.

                                        s/Robert L. Hinkle
                                        United States District Judge