JOSE MISAEL GARFIAS-GARCIA
Reg. No. 21036-017
FCI PETERSBURG LOW
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
PETERSBURG, VA 23804

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA (TALLAHASSEE)

| | |
|---|---|
| JOSE MISAEL GARFIAS-GARCIA, <br><br> Defendant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Plaintiff. | CIV. NO. _____ <br> CASE NO.: 4:11-cr-00037-RH-CAS-1 <br><br> MOTION TO RE-OPEN AND AMEND DISTRICT COURT'S 08/28/17 JUDGMENT PURSUANT TO FED.R.CIV. P. 60(6) DENIAL OF PETITIONER'S § 2255 HABEAS CORPUS |

COMES NOW, the Petitioner Garfias-Garcia and respectfully moves this honorable Court for an Order Granting his Motion to Re-Open and Amend District Court's 08/28/17, Judgment Pursuant to Fed.R.Civ.P. 60(b)(6), Denial of Petitioner's §2255 Habeas Corpus.

Petitioner submits that the following reasons warrant a response to Petitioner's claims and warrant an evidentiary hearing:

1. The 08/28/17 Court's Summarily Denial Order does indicate that the Court addressed all of the issues individually;
2. The 08/28/17 Court's Summarily Denial Order does not provide sufficient information for appellate review;
3. Petitioner Garfias-Garcia raised a genuine issue of material fact;
4. The record did not show that Petitioner was entitled to no relief;
5. The under penalty of perjury statements by Petitioner Garfias-Garcia create a factual dispute that was not resolved;
6. The under penalty of perjury statements warrant further investigation.



## 1. Rule 60. Relief from a Judgment or Order

**(a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

**(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

**(c) TIMING AND EFFECT OF THE MOTION.**

(1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) *Effect on Finality.* The motion does not affect the judgment's finality or suspend its operation.

**(d) OTHER POWERS TO GRANT RELIEF.** This rule does not limit a court's power to:

(1) entertain an independent action to relieve a party from a judgment, order, or proceeding;

(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

**(e) BILLS AND WRITS ABOLISHED.** The following are abolished: bills of review, bills in the nature of bills of review, and writs of coram nobis, coram vobis, and audita querela.

2

## I. BACKGROUND

Appellant Garfias-Garcia filed his MOTION to Vacate under 28 U.S.C. 2255 (Criminal Case Number 4:11-cr-00037-RH-CAS-1) in the NORTHERN DISTRICT OF FLORIDA (TALLAHASSEE).

On 08/28/17, the District Court issued a MEMORANDUM OPINION AND ORDER: The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied. The court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right. The Court held that, "The other objections include references to Amendment 794 and other matters. This order assumes these objections address Mr. Garfias. All of the objections are unfounded." See Order dated 08/28/17; DE: Case 4:11-cr-00037-RH-CAS Document 575 Filed 08/28/17 Page 2 of 3.

A certificate of appealability was denied by the honorable Court on that day also.

## II. ARGUMENT

Petitioner seeks reconsideration of the final judgment entered in this case pursuant to the catchall provision of rule 60(b)(6), which permits the court to "relieve a party or its representative from final judgment" for certain enumerated reasons or for "any other reason that justifies relief." Fed. R.Civ.P. 60(b)(6). Under the catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond its control that prevented [the party] from proceeding wit the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006).

The Supreme Court had stated that Rule 60(b)(6) relief may be had only under "extraordinary circumstances." Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 864,

3

108 S. Ct. 2194, 100 L.Ed. 2d 855. The Ninth Circuit thus requires that a party seeking relief "demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010); United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993)("Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and the circumstances beyond its control prevented timely action to protect its interests"). Moreover, the rule is to be "used sparingly as an equitable remedy to prevent manifest injustice." Citing Lal, 610 F.3d at 524 (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005).)

The Court considers three factors when deciding whether to set aside a default judgment: whether (1) the defendant's culpable conduct led to the default, (2) defendant has no meritorious defense or (3) reopening the default judgment would prejudice the plaintiff. Falk v. Allen, 739 F.2d 461, 462 (9th Cir. 1984). "'[T]his tripartite test is disjunctive,' meaning that the district court may deny the motion [to vacate] if any of the three factors [is] true" American Ass'n of Naturopathic Physicians v. HayHurst, 227 F.3d 1104, 1108 (9th Cir. 2000)(quoting In re Hammer, 940 F.2d 524, 525-26 (9th Cir. 1991)).

## A. THE DISTRICT COURT'S JUDGMENT SHOULD BE RE-OPENED, VACATED AND AMENDED TO REFLECT THAT THE DISTRICT COURT ADDRESSED ALL OF THE CLAIMS INDIVIDUALLY AND PROVIDED SUFFIECIENT INFORMATION FOR APPELLATE REVIEW

Petitioner Garfias-Garcia submits that in Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992), an en banc court created the hard rule that a district court must "resolve all claims for relief in a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988), regardless whether habeas relief is granted or denied." See, **Clisby v. Jones**, 907 F.2d 1047 (1990).

Moreover, in **Broadwater v. United States**, 292 F.3d 1302 (11th Cir. 2002), the Defendant-appellant Ronald Broadwater ("Broadwater") filed a *pro se* 28 U.S.C. § 2255 motion on December 28, 1999 challenging his conviction and sentence for possession with the intent to distribute crack cocaine. Broadwater alleged six substantive ineffective assistance of counsel errors. On January 3, 2000, the District Court summarily denied the motion in a one-sentence order stating, "[t]he Defendant's Motion to Vacate, Set Aside, or Correct His Sentence Pursuant to 28 U.S.C. § 2255 (Doc. No. 168, filed December 28, 1999) is DENIED." (No. 99-1265-Civ-J-20B).

The Eleventh Circuit Court of Appeals vacated and remanded so that the district court can provide further explanation of its ruling in order to "provide this court with a sufficient basis for review." *Hart v. United States*, 565 F.2d 360, 362 (5th Cir.1978) (remanding a summary denial of § 2255 motion due to insufficient basis for review). Id.

Here, the District Court's Order does not show that the Court addressed all of Petitioner Garfias-Garcia's Section 2255 claims, and further did not provide sufficient information for appellate review.
 See Order dated 08/28/17; DE: **Case 4:11-cr-00037-RH-CAS Document 575 Filed 08/28/17 Page 2 of 3.**

Here, Petitioner Garfias-Garcia respectfully requests this honorable Court issued an Order what this honorable Court deems just and proper.

For the abovenamed reasons, Petitioner prays this honorable Court:

    a) Re-Open and Amend the 08/28/17Court's Summarily Denial Order and Judgment to reflect that the Courts resolved all claims for relief in a petition and provide further explanation of its ruling in order to provide the appellate court with a sufficient basis for appellate review; and or

  b) Re-Open and Amend the 08/28/17 Judgment to reflect what this honorable Court deems just and proper.

November 16, 2022

Respectfully submitted,

JOSE MISAEL GARFIAS-GARCIA<br>
Reg. No. 21036-017<br>
FCI PETERSBURG LOW<br>
FEDERAL CORRECTIONAL<br>
INSTITUTION<br>
P.O. BOX 1000<br>
PETERSBURG, VA  23804

## CERTIFICATE OF SERVICE

I, Jose Misael Garfias-Garcia, hereby; certify that I have served a true and correct copy of the following:

**MOTION TO RE-OPEN AND AMEND DISTRICT COURT'S 08/28/17 JUDGMENT PURSUANT TO FED.R.CIV. P. 60(6) DENIAL OF PETITIONER'S § 2255 HABEAS CORPUS**

Which is deemed filed at the time it was delivered to prison authorities for forwarding, Houston v. Lack, 101 L. Ed. 2d 245 (1988), upon the defendant/defendants and or his attorney of record,

by placing same in a sealed postage prepaid envelope addressed:

UNITED STATES COURTHOUSE
111 N ADAMS ST STE 322
TALLAHASSEE FL  32301-7730

And deposited same in the United States Mail at:

FCI PETERSBURG LOW
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 1000
PETERSBURG, VA  23804

I declare, under penalty of perjury (Title 28 U.S.C. Section 1746), that the foregoing is true and correct to the best of my ability.

November 16, 2022

*[signature]*

JOSE MISAEL GARFIAS-GARCIA
Reg. No. 21036-017
FCI PETERSBURG LOW
FEDERAL CORRECTIONAL
INSTITUTION
P.O. BOX 1000
PETERSBURG, VA  23804

Jose Misael Garfías-García
Reg. No. 21036-017
FCI Petersburg Low
Federal Correctional Institution
PO Box 1000
Petersburg, VA 23804




United States Disrict Court
111 N Adams St, Ste 322
Tallahassee, FL 32301

NOV 2 1 2022

32301$7730 C001