# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 4:11cr37-RH

JOSE MISAEL GARFIAS-GARCIA,

      Defendant.

_____/

## ORDER DENYING A SENTENCE REDUCTION

The defendant Jose Misael Garfias-Garcia has served roughly 158 months on a 292-month sentence in the Bureau of Prisons. He has moved for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), which allows a reduction for "extraordinary and compelling reasons." Under recently adopted United States Sentencing Guidelines Manual ("Guidelines Manual") § 1B1.13(b)(6), an unusually long sentence that meets specified criteria may be an extraordinary and compelling reason for a sentence reduction:

> (6) Unusually Long Sentence.—If a defendant received an *unusually long sentence* and has served at least 10 years of the term of imprisonment, a *change in the law* (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a *gross disparity* between the sentence being served and the

sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Guidelines Manual § 1B1.13(b)(6) (emphasis added).

As the three italicized terms make clear, a defendant is eligible for a § 1B1.13(b)(6) reduction only if, among other things, (1) the defendant is serving an "unusually long sentence," and (2) there has been a relevant "change in the law," that (3) would produce a "gross disparity" between the sentence being served and the sentence that would be imposed in like circumstances now.

Mr. Garfias-Garcia meets none of these three requirements.

At the time of sentencing, Mr. Garfias-Garcia's total offense level was 42, his criminal history category was I, and the guideline range was 360 months to life. Mr. Garfias-Garcia was sentenced to 360 months, the low end of the range. Under retroactive Guidelines Amendment 782, the total offense level became 40, the criminal history category remained I, and the guideline range was 292 to 365 months. Mr. Garfias-Garcia's sentence was reduced to 292 months, the low end of the new range and the greatest permissible reduction.

A person who committed the same offense as Mr. Garfias-Garcia today, under all the same circumstances and with the same criminal history, would face the same guideline range: 292 to 365 months. The person likely would receive the same sentence: 292 months. The sentence is not unusually long, no change in the law has affected the calculation, and there is no gross disparity between the

sentence Mr. Garfias-Garcia is serving and the sentence that would be imposed on such a defendant today. Indeed, there is no disparity at all.

This analysis does not overlook Guidelines Amendment 821, which added new Guidelines Manual § 4C1.1(a). The provision reduces the offense level for defendants with zero criminal history points, but only if they meet additional criteria. Mr. Garfias-Garcia had zero criminal history points, but he does not meet three of the additional criteria. He threatened a witness, possessed a firearm, and received an aggravating role adjustment. *See* Guidelines Manual § 4C1.1(a)(3), (7), (10) (disqualifying defendants from zero-point offense-level reductions on these grounds); Presentence Report, ECF No. 419 ¶ 25 (noting that Mr. Garfias-Garcia threatened to cut out a witness's tongue); *id*. ¶ 52 (increasing the offense level based on the threat); *id*. ¶ 47 (increasing the offense level for possessing a firearm); ¶ 51 (increasing the offense level for an aggravated role in the offense).

Nor does this analysis overlook Mr. Garfias-Garcia's assertion that he has performed well in prison and has been rehabilitated. Rehabilitation alone does not make a defendant eligible for a § 3582(c)(1)(A) reduction. And Mr. Garfias-Garcia's rehabilitation, even if as extensive as he says, would not overcome the other 18 U.S.C. § 3553(a) sentencing factors.

In short, Mr. Garfias-Garcia is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and Guidelines Manual § 1B1.13(b)(6). Moreover, just as

set out in the April 7, 2022 order denying a prior motion to reduce the sentence, the sentence would not be reduced anyway, as a matter of discretion, based on the § 3553(a) factors. Now, just as earlier, the 292-month sentence is sufficient but not greater than necessary to achieve the statutory sentencing purposes.

IT IS ORDERED:

The motion to reduce the sentence, ECF No. 641, is denied.

SO ORDERED on July 6, 2024.

s/Robert L. Hinkle
United States District Judge